Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARDEN HOUSE (HK) CO. LTD.

       Plaintiffs,

   - against –

M/V MAERSK ESSEN, her engines, tackle, boilers, etc. *in rem*; JIAMAO INTERNATIONAL SHIP LEASE COMPANY LIMITED; and MAERSK A/S, *in personam*.

       Defendants.
------------------------------------------------------------X

21 Civ.

**COMPLAINT**

Plaintiff, Garden House (HK) Co., Ltd., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the jurisdiction clause contained in ocean carrier MSC's bill of lading, which mandates that all claims involving shipments to or from the United States be commenced in this district.

## PARTIES

2. At all material times, Garden House (HK) Co., Ltd.. (hereinafter "Garden House" or "Plaintiff") was and is a corporation with an office and place of business located at Proficient

Industry Centre, Wang Kwun Rd., Kowloon Bay, Hong Kong, and is the shipper and owner of certain cargo laden on board the M/V MAERSK ESSEN, as more specifically described below.

3. At all material times, defendant M/V MAERSK ESSEN (hereinafter "the vessel") is an ocean-going container ship owned and operated by defendants, as more specifically described below, that carried containerized cargo that is the subject matter of this lawsuit, from Asia to the United States.

4. At all material times, defendant Jiamao International Ship Lease Company Ltd. (hereinafter "Jiamao") was and is a corporation with an office and place of business located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960, was and is the owner of the M/V MAERSK ESSEN and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant Maersk A/S (hereinafter "Maersk") was and is a corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham Park, New Jersey 07932, was and is the Technical Manager, Third Party Operator, and ISM Manager of the M/V MAERSK ESSEN, was and is acting as a common carrier of goods for hire with respect to the cargo that is the subject matter of this litigation,, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. In or about December 2020, Plaintiff cargo shipper Garden House contracted to sell Decorative Home Furnishings to Kirklands, Inc. and Kirklands, Inc. agreed to purchase said goods.

8. Plaintiff contracted with Defendant Maersk to transport said goods to the United States..

9. In December 2020, a consignment consisting of 887 cartons Decorative Home Furnishings, laden in container number MSKU 0283420; a consignment consisting of 887 cartons Decorative Home Furnishings, laden in container number MSKU 1283298; a consignment consisting of 887 cartons Decorative Home Furnishings, laden in container number TLLU 5865929; a consignment consisting of 887 cartons Decorative Home Furnishings, laden in container TGBU 6846624 and a consignment consisting of 1337 cartons Decorative Home Furnishings, laden in container number PONU 7383210, all then being in good order and condition, were delivered to Maersk and/or their agents in Fuzhou, China in consideration of an agreed upon freight, pursuant to Maersk bill of lading number MAEU206632684 dated December 31, 2020, for transportation to Santa Fe Springs, California via Los Angeles, California.

10. In December 2020, a consignment consisting of 1329 cartons Decorative Home Furnishings, laden in container number MRKU 4956404 and a consignment consisting of 566 cartons Decorative Home Furnishings, laden in container number NSJY 9986194, all then being in good order and condition, were delivered to Maersk and/or their agents in Fuzhou, China in consideration of an agreed upon freight, pursuant to Maersk bill of lading number MAEU206764662 dated December 22, 2020, for transportation to Santa Fe Springs, California via Los Angeles, California.

11. Upon information and belief, on or about December 26, 2020 the aforementioned containers were loaded on board the M/V MAERSK ESSEN in Xiamen, China by defendant Maersk and or its agents.

12. The M/V MAERSK ESSEN thereafter departed Xiamen destined for, inter alia, the port of Los Angeles, California.

13. On or about January 16, 2021, while in transit from China to California, and while the vessel was encountering rough seas, certain container stacks failed, resulting in the loss of numerous containers overboard and physical damage to numerous containers that remained on board.

14. Containers MSKU 0283420, MSKU 1283298, TLLU 5865929, TGBU 6846624 and PONU 7383210, carrying 4,885 cartons of goods, were lost overboard during the foregoing event.

15. As a result of the foregoing, Garden House suffered a loss of its cargo valued at $110,837.00.

16. Containers MRKU 4956404 and MSKU 9986194, carrying 1,895 cartons of goods, were lost overboard during the foregoing event.

17. As a result of the foregoing, Garden House suffered a loss of its cargo valued at $44,052.31.

18. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $154,889.77.

## AS AND FOR A FIRST CAUSE OF ACTION- BREACH OF CONTRACT

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. Pursuant to the contract entered into between the parties, Defendants owed a contractual and statutory duty to the Plaintiff to safely and properly carry, keep, care for and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods. Defendants also had a contractual and statutory duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a statutory and contractual duty to exercise due diligence in maintaining the seaworthiness of the M/V MAERSK ESSEN.

21. Defendants breached the aforementioned contractual and statutory duties they owed to Plaintiff.

22. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff, but, to the contrary, was due solely as the result of the breach of contract on the part of Defendants and/or its agents and / or the unseaworthiness of the M/V MAERSK ESSEN.

23. As a direct and proximate result of said breach of contract by the defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $154,889.77.

24. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $154,889.77.

## AS AND FOR A SECOND CAUSE OF ACTION – BREACH OF BAILMENT

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

26. At the time of the aforementioned casualty, defendants together with the entities they hired to act on their behalf, were acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, owed statutory duties to the Plaintiffs to safely and properly carry, keep, care for and deliver the shipment in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

27. Defendants breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

28. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $154,889.77.

29. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $154,889.77.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

31. The Defendants owed a duty to the Plaintiff to properly carry, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

32. The Defendants breached and were negligent in performing their duty to carry, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

33. As a direct and proximate result of the negligent acts of the Defendants, the Plaintiff has suffered damages in the approximate amount of $154,889.77.

34. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $154,889.77.

## AS AND FOR A FOURTH CAUSE OF ACTION - UNSEAWORTHINESS

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

36. As the owners, operators, charterers and /or managers of the M/V MAERSK ESSEN, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V MAERSK ESSEN during winter North Pacific voyages.

37. Prior to, and at all times relevant hereto, the Defendants failed to exercise due diligence to make the M/V MAERSK ESSEN seaworthy. The M/V MAERSK ESSEN was at all relevant times not fit to undertake the service in which she was engaged. The losses suffered by or in connection with Plaintiff's cargo were caused in whole or in part by the Defendants' failure to exercise due diligence to make the M/V MAERSK ESSEN seaworthy at the commencement of the voyage.

38. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V MAERSK ESSEN in a seaworthy condition.

39. The losses suffered by or in connection with Plaintiff's cargo, as well as the subject casualty, resulted from causes within the privity and knowledge of the Defendants, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Defendants.

40. As a direct and proximate result of eth aforesaid unseaworthiness resulting from Defendants actions, or failure to act, the Plaintiff has suffered damages in the approximate amount of $154,889.77.

41. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $154,889.77.

**WHEREFORE,** Plaintiff pray:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $154,889.77, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 8, 2021
559-01

        **CASEY & BARNETT, LLC**
        Attorneys for Plaintiff

By: *Martin Casey*
       Martin F. Casey
       305 Broadway, Ste 1202
       New York, New York 10007
       (212) 286-0225